# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:16CV-00175-JHM

STUART HILL                                                                                                             PLAINTIFF

V.

EXPRESS TAN, INC., et. al.                                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, J&K Products & Services, Inc., formerly known as Sunergoline, Inc., for summary judgment [DN 84]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Defendant, J&K Products & Services, Inc. (hereinafter "J&K"), manufactures tanning beds. In April of 2002, J&K sold several Sundash 232 and 332 model tanning beds to Four Seasons Sales & Services, Inc. (hereinafter "Four Seasons"). Four Seasons then sold some of the tanning beds to Express Tan, Inc. (hereinafter "Express Tan"). Express Tan purchased the Sundash tanning bed in question on or around October 25, 2002.

On May 19, 2015, Express Tan placed the tanning bed "out-of-service" after receiving complaints that the acrylic screen lining the canopy had fallen down. Express Tan staff tightened the screw that attached the acrylic screen to the canopy of the tanning bed and placed it back in service. On July 2, 2015, Plaintiff, Stuart Hill, entered Express Tan and used the tanning bed in question. While using the bed, the acrylic screen collapsed on him. Following the incident, Hill relocated to another tanning bed and continued his session. At some point after the accident, Hill began to experience shoulder pain and attributed the pain to the incident.

As a result of his alleged injury, Hill brought a products liability suit against J&K for

defective design and manufacture of the tanning bed and against Four Seasons as it relates to the selling, leasing, renting, servicing, or warranting the tanning bed. Plaintiff also brought claims against Express Tan for negligence and premises liability. The original suit was filed in the Warren Circuit Court on July 1, 2016. With the consent of the Defendants, Express Tan removed the action to this Court. J&K now moves for summary judgment arguing that (1) the tanning bed is presumptively non-defective pursuant to KRS § 411.310 and (2) the product was altered and modified by Express Tan.[1]

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of

---

[1] The Court rejects Plaintiff's initial argument in response to the motion for summary judgment. While the Court is aware that Defendant filed the motion for summary judgment eight days after the deadline set forth in the scheduling order, the Court finds that this delay did not prejudice Plaintiff.

a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

In a product liability case, "the question is whether the product creates such a risk of an accident of the general nature of the one in question that an ordinarily prudent company engaged in the manufacture of such a product would not have put it on the market." Montgomery Elevator Co. v. McCullough by McCullough, 676 S.W.2d 776, 780 (Ky. 1984) (quotation omitted). In Kentucky, all products liability actions, "regardless of whether the case involves failure to adequately warn, defective design, or other products liability theories, [require proof that] the product is defective." Leslie v. Cincinnati Sub–Zero Products, Inc., 961 S.W.2d 799, 803–04 (Ky. Ct. App. 1998). In addition, Kentucky law requires a plaintiff to prove legal causation, which is a showing that "defendant's conduct was 'a substantial factor in bringing about the harm.'" Arch Ins. Co. v. Broan–NuTone, 509 Fed. Appx. 453, 462 (6th Cir. 2012) (quoting CertainTeed Corp. v. Dexter, 330 S.W.3d 64, 77 (Ky. 2010)). To prove legal causation, a plaintiff may rely on circumstantial evidence, but in doing so, the plaintiff must introduce "evidence that will support a reasonable inference that the defect was the 'probable' cause of the accident as distinguished from a 'possible' cause among other possibilities; otherwise, the jury verdict is based upon speculation or surmise." Greene v. B.F. Goodrich Avionics Systems, Inc., 409 F.3d 784, 793 (6th Cir. 2005) (quoting Midwestern V.W. Corp. v. Ringley, 503 S.W.2d 745, 747 (Ky. 1973)).

Due to the age of the tanning bed at the time of the accident, the Court starts from the statutory presumption that there was no design or manufacturing defect. KRS 411.310(1) states that "[i]n any product liability action, it shall be presumed, until rebutted by a preponderance of the evidence to the contrary, that the subject product was not defective if the injury, death or

3

property damage occurred either more than five (5) years after the date of sale to the first consumer or more than eight (8) years after the date of manufacture." The undisputed facts establish that the accident occurred more than eight years after the tanning bed's manufacture date and more than five years after its sale to Four Seasons or Express Tan. Therefore, the presumption exists with respect to this product that it was manufactured or designed without defect. See Kentucky Farm Bureau Mut. Ins. Co. v. A.O. Smith Corp., 2016 WL 1090636, at *2 (W.D. Ky. Mar. 18, 2016).

Hill attempts to rebut this presumption through his own opinion testimony tendered initially in response to Defendant's interrogatories. Specifically, Hill opines that the tanning bed is defective because (1) the owner's manual of the tanning bed contains an erroneous instruction on how to latch the acrylic lid after changing the halogen accent bulbs, (2) to install the acrylic screen, the retention latch must be turned counter clockwise, which is inconsistent with the "right tighty, lefty loosy" mnemonic, and (3) tanning bed bulb screens do not collapse absent a defect. The record does not reflect that Hill has any expertise in tanning bed design or manufacturing or any other related scientific or technical field which would permit him to offer an opinion of whether the tanning bed had a defect which led to his claimed injuries.

Hill failed to retain an expert to inspect the tanning bed or offer opinions on the tanning bed design or manufacture, sufficiency of instructions, causation, and foreseeability. "Expert witnesses are 'generally necessary' in a Kentucky products liability case to prove the presence of a defect." Wells v. Wal-Mart Stores Inc., 2016 WL 1453912, at *1 (E.D. Ky. Apr. 13, 2016) (citing Honaker v. Innova, Inc., 2007 WL 1217744, at *2 (W.D. Ky. Apr. 23, 2007) (quoting William S. Hanes, Kentucky Jurisprudence: Torts § 21–28 (1987)); see also Stevens v. Keller Ladders, 1 Fed. Appx. 452, 458 (6th Cir. 2001) (stating that an expert witness is "probably necessary" to show defective design) (quoting 4A American Law of Products Liability 3d § 54:81, at 54–194 (Supp. 1999)). "This is because evidence that induces mere 'surmise or speculation' is

not sufficient to establish that a defect exists." Wells, 2016 WL 1453912, *1 (quoting Midwestern V. W. Corp., 503 S.W.2d at 747). Instead, "Kentucky law requires a party to produce an expert witness when a subject is of the type which 'requires scientific or specialized knowledge and which cannot be determined intelligently from testimony on the basis of ordinary knowledge gained in the ordinary affairs of life . . . .'" Wells, 2016 WL 1453912, *1 (quoting Com., Dept. of Highways v. Robbins, 421 S.W.2d 820, 824 (Ky. 1967)). In other words, "a plaintiff must put forth expert testimony unless a defect is of the type that the jury can comprehend 'as well as a specially trained expert could.'" Wells, 2016 WL 1453912, *1 (quoting Burgett v. Troy-Bilt LLC, 970 F. Supp. 2d 676, 681 (E.D. Ky. 2013), aff'd, 579 Fed. Appx. 372 (6th Cir. 2014)).

Here, the Court finds that an ordinary person is not familiar enough with the principles of tanning bed design or manufacturing to know if a defect exists in the tanning bed or the instructions. Without expert testimony on any defect related to the tanning bed, the jury "would be left to speculate" as to whether the acrylic screen fell because of defective design or manufacturing. See, e.g., Sturgeon v. Johnson & Johnson, 2017 WL 4080686, *2 (E.D. Ky. Sept. 14, 2017); Wells, 2016 WL 1453912, at *2-3 (requiring expert testimony in a product liability action concerning a design defect of a toilet seat – "[h]ow should one attach a toilet seat to a toilet bowl?"); Yonts v. Easton Tech. Products, Inc., 2015 WL 3408937, at *5–6 (W.D. Ky. May 27, 2015) (requiring expert testimony when plaintiff alleged injury from an arrow that broke while shooting a bow); Honaker, 2007 WL 1217744, at *2 (expert testimony needed where plaintiff alleged closing mechanism on pressure cooker caused it to explode). In this case, an expert is necessary.

Further, contrary to Plaintiff's argument, just because the accident occurred does not mean the tanning bed was defective. Plaintiff's reliance on Embs v. Pepsi-Cola Bottling Company of Lexington, Kentucky, Inc., 528 S.W.2d 703 (Ky. 1975), is misplaced. In Embs, Kentucky's

highest court "inferred a defect without direct evidence because the exploding of a properly manufactured bottle would not normally occur without a defect." Whybark v. Synthes, Inc., 2017 WL 1788673, *6 (W.D. Ky. May 4, 2017). As previously recognized by this Court, "'courts permit[ ] inferences of defects premised on such circumstantial evidence only when the plaintiffs [are] able to eliminate all other reasonable explanations for the accident, thereby leaving manufacturing defect as the only reasonabl[e] possibl[ity]. . . ." Id. (quoting Siegel v. Kentucky Farm Bureau Mut. Ins. Co., 2010 WL 3000746, at *4 (W.D. Ky. July 26, 2010), aff'd sub nom. Siegel v. Dynamic Cooking Sys., Inc., 501 Fed. Appx. 397 (6th Cir. 2012) (emphasis added)). Hill provided no evidence in the record to eliminate all other possible theories as to why the acrylic screen fell on him. In fact, even Hill acknowledges that "[b]ecause [he] was not able to inspect the tanning bed immediately after [his] injury, [he is] not able to determine the exact cause of the failure." (Plaintiff's Response to Defendant's First Set of Interrogatories No. 3.) "A jury will not be allowed to speculate that a product is defective 'simply because an unusual or unexplained event has occurred.'" Williams v. Toyota Motor Sales, U.S.A., 2012 WL 176473, at *4 (E.D. Ky. Jan. 20, 2012)(quoting Thomas v. Manchester Tank & Equip. Corp., 2005 WL 3673118, *2 (W.D. Ky. May 13, 2005); Stevens, 1 Fed. Appx. at 458).

Because Hill failed to provide sufficient evidence that a defect in the tanning bed exists, J&K's motion for summary judgment must be granted.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, J&K Products & Services, Inc., formerly known as Sunergoline, Inc., for summary judgment [DN 84] is **GRANTED**.

*Joseph H. McKinley Jr., District Judge*
United States District Court

cc: counsel of record

April 18, 2019